EDWARD POTTER, as Permanent Receiver of the EMERSON-STEUBEN CORPORATION, Its Stock, Property, etc., Respondent, v. EMERSON-STEUBEN CORPORATION and JACK KAUFMAN, Defendants; ISAAC KAUFMAN and SAMUEL KAUFMAN, Appellants.— In view of the decision on the appeal (*post*, p. 841), decided herewith, the motion for a stay is dismissed. Present — Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ.

NUNZIO RINI, Respondent, v. THE CITY OF NEW YORK, Appellant.— Motion for leave to appeal to the Appellate Division denied. Present — Lazansky, P. J., Hagarty, Davis, Johnston and Close, JJ.

MARIE K. BADDOUR, as Administratrix c. t. a. of RASCHID S. BADDOUR, Appellant, v. THE CITY OF LONG BEACH, Respondent.— In an action for a declaratory judgment declaring that the defendant's Zoning Ordinance does not prevent the use of the plaintiff's property in a Residence A District as a boarding or rooming house, and for an injunction restraining the defendant from interfering with such use, judgment in favor of the defendant, dismissing the complaint, unanimously affirmed, with costs. No opinion. Present — Hagarty, Davis, Johnston, Adel and Close, JJ.

DORIS BARBAROSSA, Respondent, v. THE AMERICAN INSURANCE COMPANY OF NEWARK, N. J., Appellant.— In this action to recover for fire loss under an insurance policy, there was an appraisal of the loss, signed by the umpire and the appraiser appointed by the defendant. It is claimed that the appraiser appointed by the defendant was not a disinterested person, but was unfair and prejudiced, and that the damage was fixed at less than its value by fraudulent and collusive acts. The plaintiff gave notice of an examination of the appraiser before trial as a party and as defendant's agent and employee. The defendant moved to vacate the notice of examination, but the grounds stated did not include the ground that the appraiser was not an employee or agent of the defendant. The motion to vacate was denied on the ground that the defendant did not state in its notice of motion the grounds that it advanced on the argument, as provided in rule 124 of the Rules of Civil Practice. On motion for reargument, the question was raised that the person sought to be examined was not a party, but the motion to vacate was denied. Order dated March 24, 1937, denying the motion, reversed on the law and the facts, without costs, and motion granted, without costs, without prejudice to the right of plaintiff to move to examine Rafner as a witness. Appeal from the order of March fourth dismissed, as that order has been superseded by the order of March twenty-fourth. Lazansky, P. J., Hagarty, Davis and Johnston, JJ., concur; Close, J., not voting.